UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD SNYDER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-14474 |
| | ) | |
| v. | ) | |
| | ) | |
| **THORNTONS LLC,** | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

Plaintiff, Richard Snyder ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Thorntons LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*, ("ADEA") seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADEA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of age and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

**PARTIES**

7. At all times material to the allegations of this Complaint, Plaintiff, Richard Snyder, resides in Lake County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Thorntons LLC is a corporation doing business in and for Lake County whose address is 180 East Rollins Road, Round Lake Beach, IL 60073.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

10. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

**BACKGROUND FACTS**

11. Plaintiff worked for Defendant as a General Manager from in or about January

2022 through on or about June 16, 2023, when he was constructively discharged on the basis of his age.

12. Since at least January 2023 through June 16, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and has been subjected to a hostile work environment on the basis of his age violating the ADEA.

13. Plaintiff is 63 years old and is a member of a protected class because of Plaintiff's age.

14. In or about January of 2023, Plaintiff, pursuant to company policy, made a formal request to speak with the regional manager, to discuss staffing needs at his store.

15. At that time, Plaintiff's location was severely understaffed.

16. The regional manager completely dismissed Plaintiff's requests without acknowledging his concerns or proposals to remedy the staffing problem.

17. From in or about February 2023 until his constructive discharge in June 2023, Plaintiff repeatedly requested more employees at his location, as due to severe understaffing, there was an urgent need for more employees.

18. However, every time Plaintiff approached Human Resources (HR), he was met with vague response and told that they were "handling it."

19. Plaintiff observed that other managers, who were younger than Plaintiff, had no issues getting HR to promptly approve their requests for new hires.

20. In stark contrast, HR specifically asked Plaintiff to stop submitting requests and information for potential new employees.

21. This disparate treatment made it apparent that Plaintiff was being singled out and his requests were being denied solely on the basis of his age.

22. HR never gave Plaintiff a reason as to why his requests for new employees could not be approved, but other younger employees' requests were approved.

23. On or about June 14, 2023, the regional manager blamed Plaintiff for the location's poor performance, despite Plaintiff's efforts to address the lack of staffing.

24. When Plaintiff brought it to the regional manager's attention that he had attempted to address the staffing problem and complained that his requests were being denied, the regional manager issued a write-up in retaliation.

25. Later that same day, the regional manager suddenly informed Plaintiff that he had to be present in the store on a day for which he had already been granted approved time off.

26. This clear act of retaliation left Plaintiff feeling shocked and under considerable stress, as the regional manager presented him with an ultimatum: show up or resign.

27. No reasonable person would be able to continue working under these harsh and discriminatory conditions.

28. Under considerable pressure, Plaintiff was left with no choice but to be constructively discharged on or about June 16, 2023.

29. Following his constructive discharge, Plaintiff learned that another, younger manger, Luis (LNU), was presented with the same ultimatum but faced no repercussions when he failed to show up to work during designated time off.

30. Plaintiff also learned that shortly after his separation, Defendant placed a younger manager in his location, and promptly hired five new employees to address the staffing shortage,

4

further demonstrating that the lack of support and resources provided to Plaintiff was due to discrimination on the basis of his age.

31. Similarly situated younger employees were not subject to disparate treatment, retaliation, or constructive discharge.

32. Plaintiff was constructively discharged on the basis of his age.

33. Plaintiff met or exceed Defendant's performance expectations during the entire duration of Plaintiff's employment, as he never received a write up nor a negative performance remark, except the one written in retaliation for his complaints.

34. Plaintiff was retaliated against and Plaintiff's was ultimately constructively discharged for opposing unlawful discrimination and for exercising Plaintiff's protected rights.

35. Plaintiff can show that Plaintiff engaged in statutorily protected activity –a necessary component of Plaintiff's retaliation claim- because Plaintiff lodged complaints directly to Plaintiff's manager about the discrimination and retaliation.

36. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

## COUNT I
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

37. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

39. Plaintiff met or exceeded performance expectations.

40. Plaintiff was treated less favorably than similarly situated employees outside of

Plaintiff's protected class.

41. Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's age.

42. Plaintiff is a member of a protected class under the ADEA, due to Plaintiff's age (63).

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, including necessary healthcare, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Age Discrimination in Employment Act
### (Age-Based Harassment)

45. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's age, in violation of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*.

47. Defendant knew or should have known of the harassment.

48. The age-based harassment was severe or pervasive.

49. The age-based harassment was offensive subjectively and objectively.

50. The age-based harassment was unwelcomed.

51. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's age.

52. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

53. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, including necessary healthcare, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of the Age Discrimination in Employment Act
### (Retaliation)

54. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

55. Plaintiff is a member of a protected class under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

56. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about age-based discrimination and disparate treatment.

57. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

58. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination and disparate treatment.

59. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

60. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity, specifically refusal of staffing requests, baseless write-ups, forcing Plaintiff to present to work on an approved day-off, and constructive discharge.

61. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting

the age-based harassment or discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

62. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, including necessary healthcare, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Liquidated damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of October, 2023.

                                                               */s/ Travis P. Lampert*
                                                               **TRAVIS P. LAMPERT, ESQ.**

**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581 - 5456
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*